IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MIRIAM MAINA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. NO. 4:16-cv-715 |
| | § | |
| PRIMERICA LIFE INSURANCE | § | |
| COMPANY, | § | |
| | § | |
| Defendant. | § | |

## EXHIBIT "A"
## DEFENDANT'S INDEX OF STATE COURT MATTERS

Defendant, in connection with the removal of this case to the United States District Court for the Southern District of Texas, Houston Division, files its index of state court matters, pursuant to Local Rule 81, as follows:

| | **State Court Document** | **Date** |
|---|---|---|
| 1. | Docket Sheet | N/A |
| 2. | Plaintiff's Original Petition and Request for Disclosure | 02-04-2016 |
| 3. | Civil Case Information Sheet | 02-04-2016 |
| 4. | Civil Process Request Form | 02-04-2016 |
| 5. | Plaintiff's First Set of Interrogatories and First Request for Production to Defendant, Primerica Life Insurance Company | 02-04-2016 |
| 6. | Civil Process Pick-Up Form | 02-09-2016 |
| 7. | Citation – Primerica Life Insurance Company | 02-29-2016 |

Respectfully submitted,


By:  /s/ Bill E. Davidoff
     Bill E. Davidoff
     State Bar No. 00790565
     Federal I.D. No. 19513
     bill.davidoff@figdav.com
     Attorney-in-Charge

FIGARI + DAVENPORT, LLP
901 Main Street, Suite 3400
Dallas, Texas 75202-3796
Tel:  214.939.2000
Fax:  214.939.2090

ATTORNEYS FOR DEFENDANT
PRIMERICA LIFE INSURANCE COMPANY


## CERTIFICATE OF SERVICE

     I hereby certify that on March 18, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties who have appeared and registered with CM/ECF.


     /s/  Bill E. Davidoff
     Bill E. Davidoff

# EXHIBIT "1"

**HCDistrictclerk.com**   MAINA, MIRIAM vs. PRIMERICA LIFE INSURANCE   3/9/2016
COMPANY
Cause: 201607354     CDI: 7     Court: 234

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|---|---|---|---|---|
| 69275243 | Citation | | 03/07/2016 | 2 |
| 69102144 | Civil Process Pick-Up Form | | 02/09/2016 | 1 |
| 68860150 | Plaintiffs Original Petition and Request For Dislcosure | | 02/04/2016 | 6 |
| -> 68860152 | Civil Case Information Sheet | | 02/04/2016 | 2 |
| -> 68860153 | Civil Process Request Form | | 02/04/2016 | 1 |
| -> 68860151 | Plaintiff's first set of Interrogatories and first Request For Production to Defendant | | 02/04/2016 | 10 |

# EXHIBIT "2"

2/4/2016 3:10:18 PM
Chris Daniel - District Clerk Harris County
Envelope No. 8962074
By: Krystal Franklin
Filed: 2/4/2016 3:10:18 PM

# 2016-07354 / Court: 234

NO. _____

| | | |
|---|---|---|
| MIRIAM MAINA | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| PRIMERICA LIFE INSURANCE | § | |
| COMPANY | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND
## REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, MIRIAM MAINA, Plaintiff, and files this Original Petition, complaining

of the Defendant, PRIMERICA LIFE INSURANCE COMPANY (hereinafter "PRIMERICA")

and for cause of action would respectfully show the following:

### I.
### Discovery

Pursuant to Rules 190.1 and 190.4 of the Texas Rules of Civil Procedure. Plaintiff

alleges that this case should be conducted under Level 3 of the Discovery control Plan.

### II.
### Parties

Plaintiff, MIRIAM MAINA is and at all times relevant to this lawsuit a resident of Harris

County, Texas.

Defendant, PRIMERICA LIFE INSURANCE COMPANY, is a foreign insurance

company doing business in Texas.   Defendant maybe served with citation and suit papers by

serving same on its Attorney for Service, CT Corporation System at 1999 Bryan Street, Suite

900, Dallas, Texas 75201-3136, or wherever it may be found.

## III.
### Jurisdiction and Venue

At all times relevant to this suit, Defendant was a foreign insurance company doing business for monetary profit in Texas.  This case is not removable pursuant to 28 U.S.C. § 1441(b).  The Federal Courts lack federal question subject matter jurisdiction over this action, as no claim or defense in this matter is based upon or arises under a federal statute or law.

Venue in this case is proper in Harris County, Texas, pursuant to §15.032 of the Texas Civil Practice & Remedies Code because the loss occurred in Harris County and the insured resided in Harris County.

## IV.
### Facts

On or about November 11, 2013, Defendant PRIMERICA issued a Life Insurance Policy to DEVAN ROBERTSON with $100,000 in death benefits.  Mr. Robertson named his wife, MIRIAM MAINA, as the sole beneficiary under the policy.

On January 4, 2015, Mr. Robertson passed away. Following Mr. Robertson's death, Plaintiff submitted her claim for death benefits to Defendant, PRIMERICA.  Ms. MAINA promptly provided PRIMERICA with all of the requested material to enable Defendant to investigate and fully pay her claim. However, PRIMERICA denied Plaintiff's claim.  Plaintiff disagrees with PRIMERICA's decision and Plaintiff now brings suit against Defendant for this wrongful denial of her Life Insurance claim.

## V.
### Causes of Action Against Defendant

A. -- Violations of the Texas Insurance Code

Based on the above conduct, Defendant's violations of the Texas Insurance Code include, but are not necessarily limited to:

2

(1) knowingly misrepresenting to the Plaintiff, Miriam Maina pertinent facts or policy provisions relating to coverage at issue;

(2) failing to effect a prompt, fair, and equitable settlement of the claim in which liability has become reasonably clear;

(3) constructively denying the claim without first conducting a reasonable investigation of the claim;

(4) failing within a reasonable time to affirm or deny coverage;

(5) failing within a reasonable time to pay the policy benefits; and

(6) making a material misstatement of fact.

As a result of Defendant's violation of the Texas Insurance Code, Plaintiff has suffered damages.

B. – Breach of the Duty of Good Faith and Fair Dealing

In addition or in the alternative, Plaintiff would show that the Defendant had a duty to deal fairly and in good faith with her in the handling of her insurance claim. Defendant breached this duty by both refusing to properly investigate the claim and wrongfully refusing to pay the full value of the claim. Defendant knew or should have known that there was no reasonable basis for failing pay the full value of Plaintiff's life insurance claim. As a result of Defendant's breach of these legal duties, Plaintiff has suffered damages.

C.— Violations of the Texas Deceptive Trade Practices Act

In addition or in the alternative, Plaintiff would show that Defendant's acts and omissions as discussed above were violations of the Texas Deceptive Trade Practice Act (DTPA).

Tex. Bus. & Com. Code §§ 17.42, 17.46, 17.50(a) provides additional protections to consumers who are victims of deceptive, improper, or illegal practices. Defendant's above-described violations of the Texas Insurance Code and other unconscionable acts are violations of the DTPA.

3

D. –Breach of Contract

In addition or in the alternative, Plaintiff would show that at the time of Mr. Robertson's death there was a valid contract in existence (i.e., the Life Insurance Policy) and that Mr. Robertson and Plaintiff complied with all applicable terms of the subject contract. Defendant, PRIMERICA breached the contract by refusing to pay the full amount of benefits due under the Policy following Mr. Robertson's death. As a result of Defendant's breach of contract, Plaintiff has suffered damages.

## VI.
### Damages

Plaintiff is entitled to the actual damages resulting from the above-described acts and omissions of the Defendant including but not limited to the full amount of policy proceeds which were due under the terms of the subject policy of insurance.

In addition, Plaintiff is entitled to damages pursuant to Texas Insurance Code §542.060.

Furthermore, Defendant's knowing and intentional violations of Texas Insurance Code §§ 541 and 542 and Tex. Bus. & Com Code §17.50, its unconscionable acts, as well as the breach of its common law duty of good faith and fair dealing entitles Plaintiff to damages for mental anguish and statutory damages as permitted by the Texas Insurance Code and the Tex. Bus. & Com. Code.

Pursuant to Tex. R. Civ. P. 47c, Plaintiff seeks monetary relief over $100,000.00 but not more than $200,000.00.

4

## VII.
### Attorney's Fees

Plaintiff is entitled to recover reasonable and necessary attorney fees under Tex. Civ. Prac. & Rem. Code 38.001(8), Tex. Bus. & Com Code §17.50 (d), Tex. Ins. Code § 541.152(a)(1), and Tex. Ins. Code § 542.060.

## VIII.
### Interest

Plaintiff further brings suit for pre-judgment interest as allowed by law.

## IX.
### Conditions Precedent

All conditions precedent to Plaintiff's claim for relief have been performed or have occurred.

## X.
### Rule 193.7 Disclosure

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives actual notice to Defendant that any and all documents produced by Defendant may be used against Defendant at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

## XI.
### Request for Jury Trial

Plaintiff requests a trial by jury and the required jury fee has been paid.

## XII.
### Request For Disclosure

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant is hereby requested to disclose, within 50 days of service of this request, the information or material described in Texas Rule of Civil Procedure 194.2(a)-(l).

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that the Defendant be cited in terms of law to appear and answer herein and that upon final trial hereof, Plaintiff have judgment against the Defendant, for her damages, as well as costs of court, pre-judgment interest, attorneys' fees, interest on the judgment, and for such other and further relief, both general and special, legal and equitable, as she may show herself justly entitled.

Respectfully submitted,

THE CALLAHAN LAW FIRM

MICHAEL CALLAHAN
State Bar No.: 00790416
CASEY BROWN
State Bar No.: 24031768
440 Louisiana, Suite 2050
Houston, Texas 77002
Telephone: (713) 224-9000
Facsimile:  (713) 224-9001
Email: efiling@thecallahanlawfirm.com

ATTORNEYS FOR PLAINTIFF

# EXHIBIT "3"

2/4/2016 3:10:18 PM
**Chris Daniel - District Clerk**
**Harris County**
**Envelope No: 8962074**
By: FRANKLIN, KRYSTAL G
Filed: 2/4/2016 3:10:18 PM

## CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY):* **2016-07354 / Court: 234** COURT *(FOR CLERK USE ONLY):*

STYLED **MIRIAM MAINA V. PRIMERICA LIFE INSURANCE COMPANY**
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

### 1. Contact information for person completing case information sheet:

| | | | |
|---|---|---|---|
| **Name:** Michael Callahan | **Email:** info@thecallahanlawfirm.com | **Names of parties in case:** | **Person or entity completing sheet is:** |
| | | Plaintiff(s)/Petitioner(s): | ☒ Attorney for Plaintiff/Petitioner |
| **Address:** 440 Louisiana St., Ste. 2050 | | Miriam Maina | ☐ Pro Se Plaintiff/Petitioner |
| | **Telephone:** (713) 224-9000 | _____ | ☐ Title IV-D Agency |
| | | _____ | ☐ Other: _____ |
| **City/State/Zip:** Houston, Texas 77002 | **Fax:** (713) 224-9001 | Defendant(s)/Respondent(s): | **Additional Parties in Child Support Case:** |
| | | Primerica Life Insurance Company | Custodial Parent: |
| **Signature** | **State Bar No:** 00790416 | _____ | Non-Custodial Parent: |
| | | _____ | Presumed Father: |
| | | *[Attach additional page as necessary to list all parties]* | |

### 2. Indicate case type or identify the most important issue in the case (select only 1):

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract* | ☐ Assault/Battery | ☐ Eminent Domain/ Condemnation | ☐ Annulment | ☐ Enforcement |
| ☒ Consumer/DTPA | ☐ Construction | ☐ Partition | ☐ Declare Marriage Void | ☐ Modification—Custody |
| ☐ Debt/Contract | ☐ Defamation | ☐ Quiet Title | *Divorce* | ☐ Modification—Other |
| ☐ Fraud/Misrepresentation | *Malpractice* | ☐ Trespass to Try Title | ☐ With Children | **Title IV-D** |
| ☒ Other Debt/Contract: | ☐ Accounting | ☐ Other Property: | ☐ No Children | ☐ Enforcement/Modification |
| | ☐ Legal | | | ☐ Paternity |
| *Foreclosure* | ☐ Medical | | | ☐ Reciprocals (UIFSA) |
| ☐ Home Equity—Expedited | ☐ Other Professional Liability: _____ | **Related to Criminal Matters** | **Other Family Law** | ☐ Support Order |
| ☐ Other Foreclosure | ☐ Motor Vehicle Accident | ☐ Expunction | ☐ Enforce Foreign Judgment | **Parent-Child Relationship** |
| ☒ Franchise | ☐ Premises | ☐ Judgment Nisi | ☐ Habeas Corpus | ☐ Adoption/Adoption with Termination |
| ☒ Insurance | *Product Liability* | ☐ Non-Disclosure | ☐ Name Change | ☐ Child Protection |
| ☐ Landlord/Tenant | ☒ Asbestos/Silica | ☐ Seizure/Forfeiture | ☐ Protective Order | ☐ Child Support |
| ☐ Non-Competition | ☐ Other Product Liability List Product: | ☐ Writ of Habeas Corpus— Pre-indictment | ☐ Removal of Disabilities of Minority | ☐ Custody or Visitation |
| ☐ Partnership | _____ | ☐ Other: _____ | ☐ Other: _____ | ☐ Gestational Parenting |
| ☐ Other Contract: | | | | ☐ Grandparent Access |
| | ☐ Other Injury or Damage: | | | ☐ Paternity/Parentage |
| _____ | | | | ☐ Termination of Parental Rights |
| | | | | ☐ Other Parent-Child: |

| **Employment** | **Other Civil** | | |
|---|---|---|---|
| ☐ Discrimination | ☐ Administrative Appeal | ☐ Lawyer Discipline | |
| ☐ Retaliation | ☐ Antitrust/Unfair Competition | ☐ Perpetuate Testimony | |
| ☐ Termination | ☐ Code Violations | ☐ Securities/Stock | |
| ☐ Workers' Compensation | ☒ Foreign Judgment | ☐ Tortious Interference | |
| ☐ Other Employment: | ☒ Intellectual Property | ☐ Other: _____ | |

| **Tax** | **Probate & Mental Health** | |
|---|---|---|
| ☐ Tax Appraisal | *Probate/Wills/Intestate Administration* | ☐ Guardianship—Adult |
| ☐ Tax Delinquency | ☒ Dependent Administration | ☐ Guardianship—Minor |
| ☐ Other Tax | ☒ Independent Administration | ☐ Mental Health |
| | ☒ Other Estate Proceedings | ☐ Other: _____ |

### 3. Indicate procedure or remedy, if applicable (may select more than 1):

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court | ☐ Declaratory Judgment | ☐ Prejudgment Remedy |
| ☐ Arbitration-related | ☐ Garnishment | ☐ Protective Order |
| ☐ Attachment | ☐ Interpleader | ☐ Receiver |
| ☐ Bill of Review | ☐ License | ☐ Sequestration |
| ☐ Certiorari | ☐ Mandamus | ☐ Temporary Restraining Order/Injunction |
| ☐ Class Action | ☐ Post-judgment | ☐ Turnover |

### 4. Indicate damages sought (do not select if it is a family law case):

☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☒ Over $100, 000 but not more than $200,000
☐ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000

Rev 2/13

# EXHIBIT "4"

# CIVIL PROCESS REQUEST FORM

2/4/2016 3:10:18 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 8962074
By: FRANKLIN, KRYSTAL G
Filed: 2/4/2016 3:10:18 PM

2016-07354 / Court: 234

FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING PER PARTY.
FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED

**CASE NUMBER:** _____     **CURRENT COURT:** _____

**TYPE OF INSTRUMENT TO BE SERVED** (See Reverse For Types): Plaintiff's Original Petition, Request for Disclosure, Interrogatories, and Request for Production

**FILE DATE OF MOTION:** _____

Month/        Day/        Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

1. **NAME:** PRIMERICA LIFE INSURANCE COMPANY _____

   **ADDRESS:** 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136, or wherever it may be found. _____

   **AGENT,** (if applicable): CT Corporation System _____

   **TYPE OF SERVICE/PROCESS TO BE ISSUED** (see reverse for specific type): CITATION _____

   **SERVICE BY** (check one):
   - ☐ **ATTORNEY PICK-UP**          ☐ **CONSTABLE**
   - ☐ **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: _____  Phone: _____
   - ☐ **MAIL**                      ☐ **CERTIFIED MAIL**
   - ☐ **PUBLICATION:**
     - Type of Publication:    ☐ **COURTHOUSE DOOR, or**
       ☐ **NEWSPAPER OF YOUR CHOICE:** _____
   - ☐ **OTHER,** explain _____

**ATTENTION: Effective June1, 2010**

**For all Services Provided by the DISTRCT CLERKS OFFICE requiring our office to MAIL something back to the Requesting Party, we require that the Requesting Party provide a Self-Addressed Stamped Envelope with sufficient postage for mail back. Thanks you,**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

2. **NAME:** _____

   **ADDRESS:** _____

   **AGENT,** (if applicable): _____

   **TYPE OF SERVICE/PROCESS TO BE ISSUED** (see reverse for specific type): _____

   **SERVICE BY** (check one):
   - ☐ **ATTORNEY PICK-UP**          ☐ **CONSTABLE**
   - ☐ **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: _____  Phone: _____
   - ☐ **MAIL**                      ☐ **CERTIFIED MAIL**
   - ☐ **PUBLICATION:**
     - Type of Publication:    ☐ **COURTHOUSE DOOR, or**
       ☐ **NEWSPAPER OF YOUR CHOICE:** _____
   - ☐ **OTHER,** explain _____

**ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:**

**NAME:** MICHAEL CALLAHAN _____     **TEXAS BAR NO./ID NO.** 00790416 _____

**MAILING ADDRESS:** 440 Louisina St., Suite 2050, Houston, Texas 77002 _____

**PHONE NUMBER:** 713)____ 224-9000 _____     **FAX NUMBER:** (713)____ 224-9001
area code        phone/number                              area code        fax number

**EMAIL ADDRESS:** info@thecallahanlawfirm.com _____

S:\FormsLib\Civil Bureau\Civ Fam Intake & Customer Svc\Civintake\Civil Process Request Form          Rev. 5/7/10

# EXHIBIT "5"

2/4/2016 3:10:18 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 8962074
By: FRANKLIN, KRYSTAL G
Filed: 2/4/2016 3:10:18 PM

# 2016-07354 / Court: 234

NO. _____

| | | |
|---|---|---|
| MIRIAM MAINA | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| PRIMERICA LIFE INSURANCE | § | |
| COMPANY | § | _____ JUDICIAL DISTRICT |

### PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
### FIRST REQUEST FOR PRODUCTION TO DEFENDANT,
### PRIMERICA LIFE INSURANCE COMPANY

TO:     PRIMERICA LIFE INSURANCE COMPANY, maybe served with citation and suit papers
by serving same on its Attorney for Service, CT Corporation System at 1999 Bryan Street,
Suite 900, Dallas, Texas 75201-3136, or wherever it may be found.

COMES NOW, Plaintiff MIRIAM MAINA, in the above entitled and numbered cause, and

requests that Defendant, PRIMERICA LIFE INSURANCE COMPANY, respond and pursuant to the

provisions of the Texas Rules of Civil Procedure the items specified below, and return same to the

office of THE CALLAHAN LAW FIRM, 440 Louisiana, Suite 2050, Houston, Texas 77002 within

the time prescribed by the Texas Rules of Civil Procedure.

Respectfully submitted,

THE CALLAHAN LAW FIRM

MICHAEL CALLAHAN
State Bar No. 00790416
CASEY BROWN
State Bar No. 24031768
440 Louisiana, Suite 2050
Houston, Texas 77098
Telephone: (713) 224-9000
Facsimile: (713) 224-9001
Email: efiling@thecallahanlawfirm.com

ATTORNEYS FOR PLAINTIFF

1

## DEFINITIONS AND INSTRUCTIONS

1.      The term "**document**" is used in its customary broad sense to include all documents and tangible things as defined in Rule 192.3(b) TRCP; i.e., all papers, books, accounts, drawings, graphs, charts, photographs, email, electronic or videotape recordings, data, and data compilations. The term "**document**" includes all written or graphic matter of every kind or description, whether printed or reproduced by any process, or written and/or produced by hand, whether final or draft, original or reproduction, whether or not claimed to be privileged or otherwise excludable from discovery, whether in the actual or constructive possession, custody or control of said Defendant. The term "**document**", as used herein, also includes the original of any documents in whatever form or medium it may exist, and all copies of each such document bearing, on any sheet or slide thereof, any marks, including by way of illustration only and not by way of limitation, initials, stamped indicia, any comments or notation of any character not a part of the original text or any reproduction thereof.

2.      The term "**communication**" means any transmission of information of any sort whatsoever by one or more persons to one or more persons and/or between one or more persons, by any means whatsoever, including, but not limited to, telephone conversations, letters, email, documents, telegrams, teletypes, telecopies, written memoranda and face-to-face conversations.

3.      The term "**Defendant**" or "**Insurer**" as used herein refers to PRIMERICA LIFE INSURANCE COMPANY, and all present and former employees, agents or representatives of the Defendant, unless otherwise indicated.

4.      The term "**Plaintiff**" as used herein refers to MIRIAM MAINA, unless otherwise indicated.

5.      The term "**policy**", "**policies**", "**subject policy**" means the Insurance policy issued by the Defendant to provide insurance coverage to Devan Robertson.

6.      The term "**claim**" "**claim(s)**" or "**claims**" means any and all claims made by the Plaintiff for under the policy due to death of Devan Robertson.

7.      The term "**you**" or "**your**" means the Defendant.

8.      The term "**identify each person**" as used in these interrogatories means to state the name, present or last known home address, present or last known home telephone number for each such person.

9.      The term "**identify each document**" as used in these Interrogatories means to state the following for each such document:
(a)      A general description of each such document,
(b)      The date of each such document,
(c)      The identity of each person who is a party to each such document,
(d)      The author of each such document.

In lieu of describing such document(s) in detail, you may describe such document(s) in general and attach a true and correct copy of such document(s) to your answers to these Interrogatories.

      10.    The term "**evaluate**" is used in its customary broad sense to include reviewing, evaluating, handling, adjusting, approving, denying, or considering any matter.

      11.    The term "**identify each person or entity who evaluated the Plaintiff's claims(s)**" means to state the following for each such person:

      A.    The name, address, telephone number, and title or position of each person who evaluated otherwise considered the Plaintiff's claim(s).

      B.    State the date of each evaluation and describe in general the evaluation that was done by each such person and what documents and other matters were considered by him or her in evaluating or otherwise considering the Plaintiff's claim(s).

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT, PRIMERICA LIFE INSURANCE COMPANY

**INTERROGATORY NO. 1**
Other than denying liability, if you contend that you have been erroneously joined as a defendant in this case, please state the basis for such contention.

**ANSWER:**

**INTERROGATORY NO. 2**
State when, how, and by whom you were first put on notice of Plaintiff's claim.

**ANSWER:**

**INTERROGATORY NO. 3**
Briefly describe each action taken by you to investigate Plaintiff's claim. Include in your answer the date of each action taken and the identity of the person(s) who participated in the action on your behalf.

**ANSWER:**

**INTERROGATORY NO. 4**
Identify each document requested by you after receiving notice of Plaintiff's claim, state the date each document was requested by you, and state the date each document was received by you.

**ANSWER:**

**INTERROGATORY NO. 5**
Identify each person interviewed by you after receiving notice of Plaintiff's claim; as part of your answer also state the date of each interview; and briefly describe the information given to you in each interview.

**ANSWER:**

**INTERROGATORY NO. 6**
Identify each person who participated in the investigation of Plaintiff's claim; as part of your answer also briefly describe the specific action taken by each person; and state the date each specific action was taken.

**ANSWER:**

**INTERROGATORY NO. 7**
State the date of each communication by you with the Plaintiff; as part of your answer also state the method of communication (oral or written); identify the person communicating with the Plaintiff; and briefly describe each communication with the Plaintiff.

**ANSWER:**

**INTERROGATORY NO. 8**
Describe briefly all facts which you contend support the denial of Plaintiff's claim. Include in your answer the date you obtained such fact and from whom you obtained each fact.

**ANSWER:**

**INTERROGATORY NO. 9**
Identify each person who has expressed an opinion upon which you relied in denying Plaintiff's claim. For each such person state the following:

      (a)     the date or approximate time frame the opinion(s) were expressed to you;
      (b)     the opinion(s) of such person expressed to you;
      (c)     the basis for each such opinion expressed to you; and
      (e)     the qualifications of such person which you believed qualified the person to be able to express such opinion(s).

**ANSWER:**

**INTERROGATORY NO. 10**
Has the work of any consulting expert been reviewed by a person named as an expert in response to a request for disclosure? If so, provide the following information:

      a.     Identify each consulting expert;

      b.     Produce the expert's current resume and bibliography;

      c.     State the facts known to the expert that relate to or form the basis of the expert's mental impressions and opinions formed or made in connection with the case, regardless of when and how the factual information was acquired;

      d.     State the mental impressions or opinions of the expert formed or made in connection with the case and any methods used to derive them;

      e.     Identify all documents and tangible things, including reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for

the expert, so the documents or tangible things may properly be sought by a request for production.

**ANSWER:**


**INTERROGATORY NO. 11**

If you contend one or more conditions precedent to the fling of this lawsuit have not been met by Plaintiff, identify the conditions you contend have not been met.

**ANSWER:**


**INTERROGATORY NO. 12**

Do you contend Plaintiff has not provided you with information or material you have requested and which is necessary for your evaluation of the claim?  If so, please identify the information and material, the date you requested it from the Plaintiffs and the manner in which you requested it.

**ANSWER:**

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT, PRIMERICA LIFE INSURANCE COMPANY

**REQUEST FOR PRODUCTION NO. 1**
**Claim Files**. Defendant's file(s) for the Claim made the basis of this lawsuit. This request includes but is not limited to any written communications received or reviewed during the course of Defendant's handling of this claim, but does not seek the production of any documents protected by the attorney-client and work product privileges.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 2**
The entire underwriting manual used by you in evaluating potential applications for your Life Insurance Policies, such as the Subject Policy made the basis of this lawsuit.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 3**
The underwriting file for the Subject Policy made the basis of this lawsuit, including the application(s) completed for such coverage.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 4**
The entire agent's file(s) for the Subject Policy which was created and/or maintained by you and/or the agent.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 5**
The entire agent's file(s) for Devan Robertson which was created and/or maintained by you and/or the agent.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 6**
Copy of each and every computer entry of Defendant which pertains to the Plaintiff, the Plaintiff's claim, or which pertains to any file of the Defendant concerning the Plaintiff, as well as your manual or other documents explaining your computer codes.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 7**
Copy of each and every computer entry of Defendant which pertains to Devan Roberton, his
application(s) for Life Insurance, or which pertains to any file of the Defendant concerning Devan
Robertson, as well as your manual or other documents explaining your computer codes.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 8**
Each investigation report or document in your possession, custody, or control, or to which you have
access, which pertains to the Plaintiff, Miriam Maina, and/or the Plaintiff's claim(s).

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 9**
All your claims-handling and/or policy manuals as well as all inserts or supplements thereto in use
by you at any time beginning three (3) years prior to January 4, 2015, and continuing to present date.
This request only seeks responsive materials related to the handling of Life Insurance Policies.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 10**
All your claims-handling policies, procedures and bulletins, memos or other documents provided to
your claims handlers beginning three (3) years prior to January 4, 2015, and continuing to present
date. This request only seeks responsive materials related to the handling of Life Insurance Policies.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 11**
All training manuals and/or course materials, for each training manual and/or training course or
course of instruction used or given by you during the period of time beginning three (3) years prior to
January 4, 2015, and continuing to present date, to any adjuster or claims-handler participating in the
handling of the Plaintiff's claim(s). This request only seeks responsive materials related to the
handling of the Life Insurance Policies.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12**
A copy of the Subject Policy(s) issued by you which insured the life of Devan Robertson which was in effect on January 4, 2015, including the declarations pages and all endorsements, riders, or other amendments to the Subject Policy.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 13**
A copy of the applications submitted for the Subject Policies, including any reports, test results, or other medical records you obtained prior to issuing the Subject Policy.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 14**
A copy of all correspondence between you and Plaintiff.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 15**
A copy of all correspondence between you and Devan Robertson.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 16**
All medical records for Devan Robertson obtained by you during the application process for the Subject Policy.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 17**
All medical records for Devan Robertson obtained by you during the claim process for the Subject Policy.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 18**
All requests for medical records regarding Devan Robertson sent out by you (or on your behalf) during the claim process for the Subject Policy.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19**
All correspondence regarding the subject claim sent by you or on your behalf to third parties during the claim process for the Subject Policy.

**RESPONSE:**

# EXHIBIT "6"



# CHRIS DANIEL
### HARRIS COUNTY DISTRICT CLERK

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging



ENTERED
VERIFIED

**CONFIRMED FILE DATE: 2/9/2016**

## Civil Process Pick-Up Form

CAUSE NUMBER: _201607354_   COURT _234_

ATY _____   CIV _____

---

### REQUESTING ATTORNEY/FIRM NOTIFICATION

*ATTORNEY: _Callahan, Michael_ PH: _713-224-9000_

*CIVIL PROCESS SERVER: _____

*PH: _____

*PERSON NOTIFIED SVC READY: _Maria_

* NOTIFIED BY: _Krystal_

DATE: _02-12-2016_

---

| Type of Service Document | | Tracking Number | |
|---|---|---|---|
| Type of Service Document: | _Citation_ | Tracking Number | _73214256_ |
| Type of Service Document: | | Tracking Number | |
| Type of Service Document: | | Tracking Number | |
| Type of Service Document: | | Tracking Number | |
| Type of Service Document: | | Tracking Number | |
| Type of Service Document: | | Tracking Number | |
| Type of Service Document: | | Tracking Number | |

Process papers prepared by: _Krystal Franklin_

Date: _02_ - _09_ -2016   30 days waiting _03_ - _10_ -2016

---

*Process papers released to: _Maria Zambrano_
(PRINT NAME)
_Maria Zambrano_
(SIGNATURE)

*(CONTACT NUMBER) _____

*Process papers released by: _Shaniece Richardson_
(PRINT NAME)
_Shaniece Richardson_
(SIGNATURE)

* Date: _2/22_ , 2015_6_ Time: _2:50_ AM (PM)

---

Revised 12-15-2014

# EXHIBIT "7"

3/7/2016 7:34:20 AM
Chris Daniel - District Clerk Harris County
Envelope No. 9456002
By: LAWANDA CORNETT
Filed: 3/7/2016 7:34:20 AM

CAUSE NO. 201607354

| RECEIPT NO. | 0.00 | ATY |
| ********** | | TR # 73214256 |

| PLAINTIFF: MAINA, MIRIAM | In The 234th |
| vs. | Judicial District Court |
| DEFENDANT: PRIMERICA LIFE INSURANCE COMPANY | of Harris County, Texas |
| | 234TH DISTRICT COURT |
| | Houston, TX |

### CITATION

THE STATE OF TEXAS
County of Harris

TO: PRIMERICA LIFE INSURANCE COMPANY MAY BE SERVED BY SERVING ITS
    ATTORNEY FOR SERVICE CT CORPORATION SYSTEM
    OR WHEREVER IT MAY BE FOUND
    1999 BRYAN STREET SUITE 900   DALLAS TX 75201 - 3136
    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION REQUEST FOR DISCLOSURE,INTERROGATORIES
AND REQUEST FOR PRODUCTION

This instrument was filed on the 4th day of February, 2016, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 9th day of February, 2016, under my hand and
seal of said Court.

Issued at request of:                          *Chris Daniel*
CALLAHAN, MICHAEL STEPHEN                       CHRIS DANIEL, District Clerk
440 LOUISIANA ST SUITE 2050                     Harris County, Texas
HOUSTON, TX 77002                               201 Caroline, Houston, Texas 77002
Tel: (713) 224-9000                             (P.O. Box 4651, Houston, Texas 77210)
Bar No.: 790416
                                                Generated By: FRANKLIN, KRYSTAL GAYLE
                                                Q8I//10302088

---

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _150_ o'clock _P_.M., on the _26_ day of _FEBRUARY_, _2016_.

Executed at (address) _1999 BRYAN STREET, STE. 900, DALLAS TEXAS_ in

_DALLAS_ County at _913_ o'clock _A_.M., on the _29_ day of _FEBRUARY_,

_2016_, by delivering to _PRIMERICA LIFE INSURANCE COMPANY_ defendant, in person, a

true copy of this Citation together with the accompanying _1_ copy(ies) of the Petition
_REQUEST FOR DISCLOSURE, INTERROGS AND REQUEST FOR PRODUCTION_
attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _6_ day of _MARCH_, _2016_.

FEE: $ _85_

                                        _____

_Johnny R. Black, SCH 209_              ____ of _____ County, Texas
    Affiant    _1/31/19_
                                        By _____
                                                    Deputy

On this day, _JOHNNY R. BLACK_, known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _6_ day of _MARCH_, _2016_.

SHARON JUSTICE BLACK
Notary Public, State of Texas
My Commission Expires
July 07, 2019

                                        _Sharon Justice Black_
                                                Notary Public

N.INT.CITR.P                    *73214256*

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3.<br>■ Print your name and address on the reverse<br>  so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece,<br>  or on the front if space permits. | A. Signature<br>X _____ ☑ Agent ☐ Addressee<br>B. Received by (Printed Name)   C. Date of Delivery<br>Chris Wade |
| 1. Primerica Life Insurance Company<br>CT Corporation System<br>1999 Bryan Street, Suite 900<br>Dallas, TX 75201-3136 | D. Is delivery address different from item 1? ☐ Yes<br>   If YES, enter delivery address below: ☐ No<br>FEB 2 9 2016 |

9590 9402 1285 5246 4984 93

| 3. Service Type | |
|---|---|
| ☐ Adult Signature<br>☐ Adult Signature Restricted Delivery<br>☑ Certified Mail®<br>☐ Certified Mail Restricted Delivery<br>☐ Collect on Delivery<br>☐ Collect on Delivery Restricted Delivery<br>☐ ~~Insured Mail~~<br>☐ ~~Insured Mail Restricted Delivery~~<br>  (over $500) | ☐ Priority Mail Express®<br>☐ Registered Mail™<br>☐ Registered Mail Restricted Delivery<br>☐ Return Receipt for Merchandise<br>☐ Signature Confirmation™<br>☐ Signature Confirmation Restricted Delivery |

7015 1520 0001 6502 4528

PS Form **3811**, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt